Ruffin, Chief Justice.
 

 From the very special framing of
 
 the
 
 bill, it is obvious, that the parties did not propose entering into a general account of the estate, but intended to confine the controversy to the three points, on which particular relief is prayed: we need not therefore say anything upon the general duty of an executor to sell all personal things, except slaves, given as a residue for life and then over, nor inquire whether this will discharged Mrs. Maxwell as executrix from that duty, by the discretion given to her for her convenience as a legatee. We understand from the bill, that for all the specific articles originally composing the residue of the estate, the parties have satisfactorily accounted.
 

 Upon the questions distinctly submitted by the bill, there can be no doubt. A tenant for life is unquestionably entitled to the emblements on the land devised, at the period of her death; and as certainly to the increase of animals during her time. Where money is bequeathed for life, the very thing given is the interest; and that only. The remainderman can no more claim the interest accrued in the time of the. particular legatee, than the latter can claim a part of the principal.
 

 
 *443
 
 December, 1836.
 

 The decree is therefore affirmed with costs; to be paid by the plaintiff, in both courts.
 

 Per Curiam. Decree affirmed.